IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| RICKY JACKSON, | : | |
| Plaintiff, | : : | |
| VS. | : | NO. 1:23-CV-173-LAG-TQL |
| SHERIFF KEVIN R SPROUL, | : : | |
| Defendant. | : : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

In accordance with the Court's previous orders, *pro se* Plaintiff Ricky Jackson, who is presently incarcerated at the Dougherty County Jail in Albany, Georgia, has filed his prison trust fund account information, and his Complaint is now ripe for the preliminary screening required by federal law. Having reviewed Plaintiff's submissions, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, but it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice** because Plaintiff has failed to state a claim upon which relief may be granted.

## MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff first seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action, at least based on the funds currently available to him in his account. His application to proceed *in forma pauperis* (ECF No. 2) is therefore **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must

nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I. Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds

$10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### II.     Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I.     Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th

Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

4

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003)

## II.     Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from his current confinement at the Dougherty County Jail Facility. Compl. 6, ECF No. 1. According to the Complaint, Plaintiff slipped and fell on September 23, 2023, after he stepped in water that had leaked into his cell from a nearby mop closet. *Id.* Plaintiff contends that water had been leaking from the closet "for the longest period of time," but jail officials failed to repair it or replace the "faulty plumbing" that caused the leak. *Id.*; *see also* Aff. 1, ECF No. 6 (stating that Plaintiff and his cellmate had "been notifying officers working in [their] pod for weeks about water leaking around the toilet from the mop closet"). Plaintiff thus contends that the sheriff of Dougherty County, Defendant Sproul, is constitutionally liable for the injuries Plaintiff suffered as a result of this "hazardous condition." Compl. 6, ECF No. 1. Plaintiff seeks monetary damages, service of process, and discovery in this lawsuit as a result of this alleged constitutional violation. *Id.* at 7.

Plaintiff suggests Defendant Sproul should be held responsible for Plaintiff's injuries because he knew of the dangerous condition of Plaintiff's cell and failed to take reasonable measures to protect him from injury. Compl. 6, ECF No. 1. Conditions of confinement imposed prior to conviction are reviewed pursuant to the Fourteenth

Amendment's Due Process Clause rather the Eighth Amendment's Cruel and Unusual Punishment Clause, which is applicable to convicted prisoners. *Hamm v. Dekalb Cnty.*, 774 F.2d 1567, 1572 (11th Cir. 1985). The standard with respect to providing pretrial detainees with basic necessities while incarcerated, however, is the same standard as required by the Eighth Amendment for convicted persons. *Id.* at 1574.[1] To state a conditions-of-confinement claim, the plaintiff must first demonstrate that the deprivations about which he complains are objectively and sufficiently "serious" or "extreme" so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010); *see also Brooks v. Warden*, 800 F.3d 1295, 1303-04 (11th Cir. 2015). The plaintiff must also show that the defendant was deliberately indifferent to a substantial risk of serious harm. *See Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004). To establish a defendant's deliberate indifference, the plaintiff must show (1) subjective knowledge of a risk of serious harm; (2) disregard that risk; and (3) conduct that is more than a specified degree of negligence. *See id.* at 1290 n.21 (citing *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003)).[2]

---

[1] The Eleventh Circuit has indicated that it will continue to use the Eighth Amendment subjective deliberate indifference standard unless a pretrial detainee is asserting an excessive force claim. *See Swain v. Junior*, 961 F.3d 1276, 1285 n.4 (11th Cir. 2020).

[2] The Eleventh Circuit recently recognized that it is unclear whether the deliberate indifference standard requires a defendant to engage in conduct that is more than mere negligence or conduct that is more than gross negligence. *Wade v. McDade*, 67 F.4th 1363, 1371 (11th Cir. 2023) *vacated by Wade v. Ga. Corr. Health*, 83 F.4th 1332 (11th Cir. 2023) (observing that panels of the Eleventh Circuit "continue to flip-flop between two competing formulations: '"more than *mere* negligence"' and '"more than *gross* negligence"'). The *Wade* panel attempted to "clean up that mess" and concluded that the prior-panel-precedent rule required courts to apply the earliest iteration of the standard, i.e.,

Plaintiff's claims that Defendant Sproul failed to repair the leaking sink in the mop closet fall short of this standard.  While it is true that the leaking sink or the standing water resulting from that leak may have posed some risk to Plaintiff, that risk was not objectively serious.  *See, e.g., Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (holding that standing water that caused fall did not pose objectively serious risk to prisoner, even where prison officials knew of the hazard prior to prisoner's fall and that prisoner had a heightened risk of falling because he used crutches, because "slippery floors constitute a daily risk faced by members of the public at large"); *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. Feb. 6, 2004) (holding that "wet floors do present a possibility that inmates might slip" but they "do not suggest a *substantial* risk of serious harm that reflects the deliberate indifference required to impose liability under the Eighth Amendment," particularly where prisoner and other inmates were able to cross floor repeatedly without slipping); *Snyder v. Blankenship*, 473 F. Supp. 1208, 1212 (W.D. Va. 1979), *aff'd* 618 F.2d 104 (4th Cir. 1980) (prison officials' failure to repair leaking dishwasher, which caused prisoner to fall and be injured, "cannot be said as a matter of federal law to be conduct shocking to the conscience or repugnant to civilized standards of a maturing society").  And at most, Plaintiff has established that Defendant Sproul acted negligently by failing to repair the leak in a timely manner. *Beasley v. Anderson*, No. 02-11114, 2003 WL 21108537, at *1 (5th Cir. Apr. 22, 2003) (per curiam) (claims that prison officials failed to correct slippery shower floor

---

"more than gross negligence."  *Id.* at 1374.  But, as noted above, the Eleventh Circuit recently vacated the *Wade* panel's opinion and granted rehearing *en banc*, and it thus remains unclear which standard applies.  In this case, however, the Court concludes Defendant Sproul was not deliberately indifferent under either standard.

before prisoner fell "sound[ed] in negligence, which is insufficient to allege a constitutional violation"); *Leffall v. Johnson*, No. 01-41495, 2002 WL 31017045, at *1 (5th Cir. Aug. 20, 2002) (per curiam) (affirming dismissal of § 1983 claims for failing to state a claim where inmate "suffered a back injury after slipping and falling on a wet floor caused by a persistent plumbing problem" because allegations amounted to negligence, at most); *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (holding that claims that "a leaking or sweating air conditioning unit made the floor wet and that Defendants failed to warn inmates of the wet floor . . . is a garden-variety negligence claim" and is therefore "not actionable under section 1983"). Negligent acts simply do not give rise to §1983 liability. *See Daniels v. Williams*, 474 U.S. 327, 336 (1986); *Hernandez v. Florida Dept. of Corr.*, 281 F. App'x. 862, 866 (11th Cir. 2008) ("Allegations of negligent conduct do not state a constitutional claim and thus, are not actionable under § 1983."). Plaintiff's claims against Defendant Sproul are therefore subject to dismissal.

### III.   Conclusion

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, but it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice** because Plaintiff has failed to state a claim upon which relief may be granted.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Leslie A. Gardner, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this

Recommendation.  Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

      **SO ORDERED AND RECOMMENDED** this 5th day of December, 2023.

                                              s/***Thomas Q. Langstaff***
                                              United States Magistrate Judge